Robert R. HAGER and Robert E. Hager, individually; and Robert R. Hager on behalf of his minor children Ian Hager, Ryne Hager and Shantal Hager, minor children, Plaintiffs—Appellants,

v.

Harding ESE; Julia Pierko; Scott Smith, Defendants—Appellees.

No. 03–17312.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2005.

Decided June 30, 2005.

---

2. *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Lawrence D. Wishart, Esq., Reno, NV, Treva J. Hearne, Esq., Hager & Hearne, Reno, NV, for Plaintiffs–Appellants.

Donald W. Lattin, Esq., Walther Key Maupin Oats Cox & Legoy, LLP, Reno, NV, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, MCKEOWN, Circuit Judge, and DUFFY,* District Judge.

MEMORANDUM **

Appellants Robert R. Hager and Robert E. Hager, individually and Robert R. Hager on behalf of his minor children Ian Hager, Ryne Hager, and Shantal Hager ("Appellants") filed suit against Appellees Harding ESE (a private engineering firm) and Scott Smith and Julia Pierko (two Harding ESE employees) (collectively "Harding") in the United States District Court for the District of Nevada (the "Dis-

---

\* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trict Court"). Appellants alleged a civil RICO claim, a section 1983 claim, and various state law claims. After allowing ample time for discovery, the District Court granted Harding's motion for summary judgment on Appellants' civil RICO and section 1983 claims, and declined to exercise supplemental jurisdiction over Appellants' remaining state law claims. Appellants timely filed the instant appeal, which we review *de novo*. *See Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004).

Appellants' claims arise out of Harding's work relating to Appellants' property located near Lake Tahoe, Nevada. The Nevada Division of Environmental Protection ("NDEP") learned from Appellants' engineer that this property was contaminated with petroleum and issued Appellants a Notice of Violation, which required that Appellants determine the nature and extent of the contamination and prepare a Corrective Action Plan for remediation of the site. Appellants' engineer submitted such a plan and NDEP eventually requested that Harding (with whom NDEP had a pre-existing contract) act as a manager of this remediation project. Generally speaking, Appellants claim that Harding's contract with NDEP was designed so that Harding could profit from hazardous waste sites and that Harding exaggerated Appellants' clean-up costs to increase its own profits. Appellants maintain that this conduct violated: (1) 18 U.S.C. § 1962; and (2) 42 U.S.C. § 1983.

■ . Civil RICO liability under 18 U.S.C. § 1962 requires: "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 620 (9th Cir.2004) (internal quotation omitted). To establish the requisite pattern of racketeering activity, a plaintiff must prove that a defendant committed two or more racketeering acts from the list set forth in 18 U.S.C. § 1961(1). *See* 18 U.S.C. § 1961(5); *see also Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1399 (9th Cir.1986) (noting that even two predicate acts of racketeering may be insufficient to establish a "pattern"). Further, a plaintiff must show a "concrete financial loss" that was proximately caused by the defendant's prohibited conduct. *See Fireman's Fund Ins. Co. v. Stites,* 258 F.3d 1016, 1021 (9th Cir.2001). Appellant has not set forth sufficient evidence to raise a genuine issue of material fact concerning whether: (1) Harding engaged in a pattern of racketeering activity; or (2) Appellants suffered financial loss as the proximate cause of Harding's conduct. Accordingly, the District Court properly granted Harding's motion for summary judgment on this claim.

■ To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the deprivation of a constitutional right as a result of a government policy; and (2) that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Appellants have not presented this Court, or the District Court, with sufficient evidence to establish a genuine issue of material fact with respect to either of these two requirements. Therefore the District Court correctly granted Harding's motion for summary judgment on Appellants' section 1983 claim.

Since the District Court properly dismissed Appellants' federal law claims on summary judgment, it did not err in declining to exercise supplemental jurisdiction over Appellants' remaining state law

claims. Accordingly, the decision of the District Court is affirmed.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.